IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT STESKAL,

    Plaintiff,    Civil No. 05-6298-AA

    v.    ORDER

BENTON COUNTY, et al.,

    Defendants.

AIKEN, District Judge.

Plaintiff has filed a second lawsuit alleging violations of his constitutional rights arising from a traffic citation issued to plaintiff on October 29, 2003, for defective brake lights while operating his vehicle in the City of Monroe, Benton County, Oregon.

By Order (#5) entered October 18, 2005, plaintiff's Motion for Stay (#4) was allowed. The stay of proceedings is hereby lifted. Plaintiff's Motion for Leave to file an

1 - ORDER

amended complaint (#6) is denied as moot. Plaintiff's Amended Motion to File An Amended Complaint (#7) is allowed. The Amended Complaint ("Exhibit #3") attached to plaintiff's Motion (#7) is the operative complaint before the court.

Plaintiff's amended complaint alleges claims for unlawful seizures, retaliation, "Obstruction of justice," "defective training" and intentional infliction of emotional distress.

Plaintiff's claims in this case arise from the same facts and circumstances giving rise to his claims in Steskal v. Benton County, et al., Civ. No. 04-6158-TC. Ordinarily, claim preclusion would be dispositive of plaintiff's claims for unlawful seizures, retaliation and failure to train. See, Allen v. McCurry, 449 U.S. 90, 103-104 (1980) ["Claim preclusion prohibits a party from re-litigating a cause of action against the same defendant or those in privity with that defendant) involving the same factual transaction as was litigated in the previous adjudication."]. Claim preclusion merely requires that the parties have had the opportunity to litigate the issue. Drews v. EBI Companies, 310 Or 134, 140 (1990), citing Rennie v. Freeway Transport, 294 Or. 319 (1982)["where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question."].

However, while a motion for summary judgment was pending in 04-6158-TC, plaintiff moved to file a third amended complaint.[1] In denying plaintiff's motion, the court stated that "plaintiff would not be prejudiced if he could not amend his current complaint, because he could raise his new claims in a separate proceeding."[2]

Under these circumstances, the issue of claim preclusion is problematic. However, plaintiff's claims for unlawful seizure, retaliation and defective training in this case are premised on the October 29, 2003, traffic stop allegedly giving rise to his claims in 04-6158-TC. The crux of the court's order granting summary judgment in 04-6158-TC was that the underlying incident, the traffic stop, was based on probable cause and did not violate plaintiff's constitutional rights. Therefore plaintiff's claims for unlawful seizure, retaliation and failure to train are barred by the doctrine of collateral estoppel. Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n. 6 (1982) ["Once a court decides an issue of fact or law necessary to its judgment, that decision

---

[1]Plaintiff's proposed amendment sought to add claims against two new parties and raised a retaliation claim against the City of Monroe defendant - who had already been dismissed from the case.

[2]I find that the court's statement regarding lack of prejudice to plaintiff was immaterial to the court's order; there were other sufficient reasons (delay, futility and prejudice to defendants) for denying plaintiff's motion to amend.

precludes re-litigation of the same issue on a different cause of action between the parties."]. Both res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. <u>Allen v. McCurry</u>, <u>supra</u> at p. 94. These considerations are relevant to the present action.

Plaintiff also alleges a claim for "First Amendment Retaliation" against the City of Monroe and various City of Monroe elected officials. Plaintiff's claim arises out of his "attempt to file a complaint" at a Monroe City Council Meeting on January 11, 2004. Plaintiff alleges that thereafter, the City of Monroe defendants "retaliated against the Plaintiff by subjecting him to public humiliation, concealing or in the alternative destroying public records, altering the complaint process, denying the Plaintiff public records, and imposing an unusual financial burden upon the plaintiff if he insisted upon submitting his complaint to the City of Monroe." Amended Complaint (#7) p. 11.

Plaintiff's appearance at the Monroe City Council meeting on January 11, 2004, was the subject of claims in 04-6158-TC. As noted above, claim preclusion merely requires that the parties have had the opportunity to litigate the issue. Plaintiff had the opportunity to raise this claim in any of

the three complaints he filed in 04-6158-TC prior to the dismissal of the City of Monroe defendants.[3]

Assuming that plaintiff's allegations against the City of Monroe defendants in this case state a claim, any such claim could and should have been brought in plaintiff's previous litigation and it is now precluded.

Plaintiff also alleges claims for "obstruction of justice" and intentional infliction of emotional distress against defendants Wilcox and Warren based on their alleged conduct in defending 04-6158-TC. Assuming plaintiff's factual allegations state a claim, I find that they do not state a constitutional claim cognizable under 42 U.S.C. § 1983. Thus, any such claim would necessarily be a pendent or supplemental state law claim.

For the reasons discussed above, there is no federal question or constitutional claim remaining in this case. I find that there are no "extraordinary circumstances" to justify the court's retention of jurisdiction over plaintiff's putative state law claims. See, Wren v. Sletten Const. Co.,

---

[3] Plaintiff filed his initial complaint in 04-6158-TC on May 21, 2004, and subsequently amended his complaint twice. The City of Monroe defendants were dismissed by Order (#106) entered January 28, 2005. Plaintiff moved to file a third amended complaint adding a retaliation claim against the (dismissed) City of Monro defendants on February 24, 2005 - nine months after first bringing claims against them. The court denied plaintiff's motion to amend.

5 - ORDER

654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993); see also; Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1995)[whether to dismiss supplemental claims is fully discretionary with the district court, weighing factors such as economy, convenience, fairness and comity].

Plaintiff has parlayed a routine traffic stop into costly federal litigation against multiple defendants - many of whom had nothing to do with the underlying incident. Although some of plaintiff's claims in Civ. No. 04-6158-TC may have stated a claim for pleading purposes, many were frivolous and all were ultimately dismissed. Plaintiff's attempt to gin up another federal case out of the same facts and circumstances of his previous case could be construed as vexatious litigation for which sanctions could be imposed.

Plaintiff's pleadings amply confirms the dictum of the district court in Buckey v. County of Los Angeles, 968 F.2d 791, 793 (1992) that "being very, very upset does not state a cause of action under [42 U.S.C. § 1983]." It is not an appropriate use of judicial resources to distill and process plaintiff's pleadings. Nor is it appropriate to require defendants to continue to respond.

Defendants' Motion to Dismiss (#9) is allowed. Plaintiff's Motion to "Consolidate Opposition to Plaintiff's

Complaint" (#8) is denied as moot.  This action is dismissed with prejudice.

IT IS SO ORDERED

DATED this __6__ day of December, 2005.

/s/ Ann Aiken
Ann Aiken
United States District Judge